

# NUMBER 13-10-00440-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**ROY GARCIA JR.,** **Appellant,**

**v.**

**CITY OF ELSA,** **Appellee.**

**On appeal from the 398th District Court
of Hidalgo County, Texas.**

_____

# MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Roy Garcia Jr. appeals the trial court's order granting summary judgment in favor of appellee, City of Elsa ("City"), on the City's declaratory judgment action to invalidate the City's sale of real property to Garcia and underlying loan transaction. By five issues, Garcia argues that: (1) the City failed to state valid grounds for summary judgment where its motion expressly relies only on "Rule 166b, 166i Texas

Rules of Civil Procedure," *see generally* TEX. R. CIV. P. 166a; (2) the City was not entitled to summary judgment under Texas Local Government Code section 272.001 because it failed to identify a specific statutory violation and failed to present evidence regarding any alleged violation, *see* TEX. LOC. GOV'T CODE ANN. § 272.001 (West Supp. 2011) (requiring public notice regarding the sale or exchange of land by a political subdivision); (3) the City failed to assert or prove noncompliance with Texas Local Government Code section 253.008, *see id.* § 253.008 (West 2005) (establishing requirements for the sale of real property by a municipality by public auction); (4) the City was not entitled to summary judgment under the Texas Constitution because it did not acknowledge or address the "public purpose" test for analyzing whether a transaction is improper and there was evidence the transaction met that test, *see* TEX. CONST., art. XI, § 3 (prohibiting a municipal corporation from becoming "a subscriber to the capital of any private corporation or association," making "any appropriation or donation to the same, or in anywise [lending] its credit"); and (5) the City was not entitled to summary judgment on "public policy" grounds when there was no evidence of violation of any state statute or public policy grounds.[1] We reverse and remand.

## I. BACKGROUND

The City filed a three-page petition for declaratory judgment which alleged that the City entered into an agreement to transfer real property to Garcia pursuant to City of Elsa Resolution No. 01-07; that it extended credit to Garcia pursuant to a promissory note which was contrary to the laws of the State of Texas; and that Garcia defaulted on the promissory note. The City's pleading did not give any other background facts, did

---

[1] At oral argument, Garcia waived and abandoned his fourth issue, that any statutory violation was cured by the validation statute. As such, we will not address Garcia's fourth issue.

not provide any specific statutory or other legal basis for invalidating the transaction, and did not further identify either the real property or the loan agreement. The City's pleading for declaratory relief asked that the trial court declare the contract between the parties to be invalid. The relevant paragraph of the petition states, in its entirety:

> City incorporates the factual allegations as set forth above. In accordance with the Texas Civil Practice & Remedies Code § 31.001 et. seq., City requests that this Court declare the rights, duties, obligations of the parties involved in the real estate transaction between City and Defendant [Garcia], specifically the agreement attached as Exhibit A.

No "Exhibit A" or any other document was attached to the City's petition. In response, Garcia filed a general denial.

The City moved for summary judgment on grounds that the contract between the City and Garcia is void because it is an illegal contract and is against public policy. Specifically, the City alleged that the contract was illegal because, inter alia, it sold its property to Garcia without complying with the public auction and sealed bid requirements of Texas Local Government Code section 253.008[2] and without meeting the notice and publication requirements of Texas Local Government Code section 272.001.[3] *See* TEX. LOC. GOV'T CODE ANN. §§ 253.008, 272.001. The City also alleged in its motion that the agreement is unconstitutional under article XI, sections 3, 5, and 7 of the Texas Constitution, and quoted section 3. *See* TEX. CONST. art. XI, §§ 3, 5, 7. In this regard, the City's argument, in its entirety, is as follows:

---

[2] Texas Local Government Code section 253.008 provides: "The government body of a municipality may sell real property owned by the municipality by public auction or by sealed bid under Section 272.001." TEX. LOC. GOV'T CODE ANN. § 253.008 (West 2005).

[3] Texas Local Government Code section 272.001 provides that before land owned by a political subdivision of the state may be sold, notice to the general public of the offer of the land for sale or exchange must be published in a newspaper of general circulation on two separate dates, and the sale may not occur until after the 14th day after the date of the second publication. *See id..* § 272.001 (West Supp. 2011).

3

> [Garcia] is not obligated to pay anything, including interest, for five years, and nothing was done by [the] City to make sure that [Garcia] did not transfer the property of [sic] do the economic development that [Garcia] had to do. The purported agreement at issue is illegal as far as Texas Constitution, Texas Statute, City Charter, and against public policy. Plaintiff[4] cannot present any evidence at trial [that] legalized the agreement. Further, the purported agreement is illegal or against public policy as it defeats the purpose of the City of Elsa coffers which is to benefit all citizens of the City, not a specific individual. Therefore, the purported agreement is illegal and against public policy and should be declared void by this Honorable Court.

No affidavit, deposition or other testimonial evidence is attached to the City's motion for summary judgment which would support the background facts included in its motion. A copy of a document entitled "Resolution No. 01-07" is attached as exhibit A, and a copy of a document entitled "Promissory Note" is attached as exhibit B. The City did not authenticate either document, or support them by affidavit, and the City did not provide any evidentiary support for any fact alleged in its motion for summary judgment. Exhibit A to the motion for summary judgment is a resolution passed by the City authorizing the conveyance of the described property. Exhibit B is a promissory note between the City, as lender, and Garcia, as borrower. The property referenced in the resolution is the same property that is identified as the security for payment of the promissory note.

Garcia filed a response to the City's motion for summary judgment. In his response, Garcia discussed the background facts surrounding the transaction and generally rebutted the City's arguments. In support of his response, he submitted nine exhibits which were authenticated by affidavit.[5] However, Garcia did not include any evidence which would support the facts alleged in his response.

---

[4] The City is the "plaintiff" in this lawsuit; thus, the reference must be to Garcia, as defendant.

[5] The exhibits include: "Resolution No. 01-07" dated February 20, 2001; "Promissory Note" dated March 2, 2001; "Warranty Deed with Vendor's Lien" dated March 2, 2001; "Warranty Deed with Vendor's

4

The trial court granted the City's motion for summary judgment.  It ordered that "the promissory note between the City of Elsa and Roy Garcia attached as Exhibit A to this Order is void and that the title to the property therein described revert back to the City of Elsa."  The trial court further ordered that "the City of Elsa reimburse Roy Garcia the sum of $2,866.98 for payments he made to the City under the void promissory note."  This appeal ensued.

## II. STANDARD OF REVIEW

The purpose of a declaratory action is to establish the existing rights, status or other legal relationships between parties.  *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2008).  A declaratory judgment is appropriate only when there is a justiciable controversy about the rights and status of the parties and the declaration would resolve the controversy.  *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).  Declaratory relief is not warranted unless the claim presents a "substantial controversy" of "immediacy and reality."  *Tex. A & M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 291 (Tex. 2011) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  Suits for declaratory judgment are intended to determine the rights of parties when a controversy has arisen, but before any wrong has been committed.  *See Armstrong v. Hixon*, 206 S.W.3d 175, 179 (Tex. App.—Corpus Christi 2006, pet. denied); *Montemayor v. City of*

Lien (Correction Deed)" dated March 14, 2003; "Plaintiff's Original Petition" in a matter styled *The City of Elsa v. Roy Garcia, Jr.*, Cause No. CL-04-609-B, County Court at Law No. 2 of Hidalgo County, Texas, with a file stamped date of March 15, 2004; an "Order of Dismissal" regarding this lawsuit, with a file stamped date of April 7, 2009; Texas Commission of Environmental Quality letter to Roy Garcia dated August 19, 2006; Gustavo L. Acevedo, Jr. letter to Roy Garcia dated July 22, 2009; and miscellaneous receipts and checks.

5

*San Antonio Fire Dep't*, 985 S.W.2d 549, 551 (Tex. App.—San Antonio 1998, pet. denied).

Declaratory judgments are reviewed under the same standards as other judgments and decrees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West 2008); *Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 719 (Tex. App.—Austin 2007, pet. denied). We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. *See Armstrong*, 206 S.W.3d at 179; *City of Austin v. Garza*, 124 S.W.3d 867, 871 (Tex. App.—Austin 2003, no pet.). Inasmuch as the trial court determined the declaratory judgment through summary judgment proceedings, we review the propriety of the trial court's declarations under the same standards we apply to summary judgments. *See City of Austin*, 124 S.W.3d at 719; *Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 730 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

The function of a summary judgment is to eliminate patently unmeritorious claims and untenable defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.—Corpus Christi 2003, no pet.). This court applies *de novo* review to a summary judgment order using the same summary judgment standard employed in the first instance by the trial court. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005); *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *Armstrong v. Armstrong*, 206 S.W.3d 175, 180 (Tex. App.—Corpus Christi 2006, pet. denied). If the trial court's order granting summary judgment does not

6

specify the ground or grounds relied upon for the ruling, we will affirm the judgment on appeal if any of the theories advanced by the movant are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (quoting *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

### III. TRADITIONAL OR NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

In his first issue, Garcia argues that the City did not state valid grounds for summary judgment when it (1) expressly relied only on "rule "166b, 166i Texas Rules of Civil Procedure," although no such rules exist; (2) rule 166a(b) concerns summary judgment for a defendant and the City was the plaintiff; and (3) the City did not state any elements for which Garcia had the burden of proof and for which he had no evidence, thereby failing to comply with the Texas Rules of Civil Procedure pertaining to no-evidence motions for summary judgment.

The City's motion for summary judgment incorrectly refers to "166b, 166i Texas Rules of Civil Procedure." Therefore, as a threshold matter, we must determine whether the City's motion for summary judgment is in substance a traditional or no-evidence motion so that we may apply the appropriate standard of review. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied); *Rodgers v. Weatherspoon,* 141 S.W.3d 342, 344 (Tex. App.—Dallas 2004, no pet.). In determining whether a motion for summary judgment is brought on traditional grounds or no-evidence grounds, we consider the substance of the motion rather than categorizing the motion strictly by its form or title. *Tex. Integrated Conveyor Sys., Inc.*, 300 S.W.3d at 375; *Rodgers*, 141 S.W.3d at 344.

7

In its motion for summary judgment, the City contends that it is entitled to summary judgment because there is "no genuine issue of material fact." It argues that the contract was illegal, contrary to public policy, and "unconstitutional and without authority." The City asserts that "there is no genuine issue of material fact with regard to illegality of the subject contract" and that it "is entitled to judgment as a matter of law." The City further contends that because "no evidence can be introduced at trial to support a finding that the [c]ontract was not illegal or contrary to public policy, the agreement fails as a matter of law." The City also argues that Garcia "cannot present any evidence at trial [which would legalize] the agreement." The City attached exhibits to the motion as previously described.

Based upon the foregoing, it appears that the City attempted to invoke both a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a and a no evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i). *Compare* TEX. R. CIV. P. 166a(c) (providing for summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law") *with* TEX. R. CIV. P. 166a(i) (providing for summary judgment where there is "no evidence of one or more essential elements of a claim or defense").

While it is acceptable to file "hybrid" motions for summary judgment invoking both bases for summary judgment, the Texas Supreme Court has noted that a "better practice" is to file separate motions, or at least to include headings that clearly delineate and segregate the two bases for summary judgment. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004); *see Pitts v. Winkler County*, 351 S.W.3d 564, 570 (Tex. App.—El

8

Paso 2011, no pet.). The supreme court, however, does not require litigants to follow this practice. *Binur,* 135 S.W.3d at 651.

When a party moves for both traditional and a no-evidence summary judgment, we first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *All Am. Tel., Inc. v. USLD Communs., Inc.*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). If the non-movant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the movant's summary judgment proof satisfied the rule 166a(c) burden. *Id.*

## IV. No Evidence Motion for Summary Judgment

We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). The Rule of Civil Procedure concerning no-evidence motions for summary judgment delineates the requirements for a no-evidence motion as follows:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

Tex. R. Civ. P. 166a(i); *see Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 250 (Tex. App.—Corpus Christi 2001, pet. denied). Once a no-evidence motion for summary judgment has been filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Mack*

*Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). The trial court should not grant a no-evidence motion for summary judgment if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). More than a scintilla of evidence exists if the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 427 (Tex. 2008) (per curiam). We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc.*, 206 S.W.3d at 581–82; *King Ranch, Inc.*, 118 S.W.3d at 750.

Garcia argues in his first issue that, to the extent the City attempts to raise a no-evidence motion for summary judgment, the City's motion for summary judgment should fail because the City has not identified any elements on which Garcia would have the burden of proof at trial and for which there was no evidence. In connection with this issue, Garcia argues that the motion fails to give fair notice regarding which elements the City specifically challenges and further argues that he does not have the burden of proof regarding grounds for setting aside the contract. We agree.

A trial court cannot grant a traditional or no-evidence summary judgment motion on grounds not presented in the motion. *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009). A no-evidence motion must be specific in challenging the evidentiary support for an element of a claim or defense because the no-evidence rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's

10

case." *Id.* (quoting TEX. R. CIV. P. 166a(i) cmt.). The purpose of this requirement is to provide the opposing party with adequate information to oppose the motion and to define the issues. *Timpte Indus.*, 286 S.W.3d at 310; *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978). This purpose is analogous to the "fair notice" requirements for pleadings under the Texas Rules of Civil Procedure. *Timpte Indus.*, 286 S.W.3d at 310; *Westchester Fire Ins. Co.,* 576 S.W.2d at 772–73; *see* TEX. R. CIV. P. 45(b) (requiring a party's pleadings to give "fair notice" to the opponent); TEX. R. CIV. P. 47(a) (requiring a plaintiff's pleadings to give "fair notice of the claim involved").

The City's motion for summary judgment states that "no evidence can be introduced at trial to support a finding that the Contract was not illegal or contrary to public policy," and further states that "[p]laintiff cannot present any evidence at trial [that] legalized the agreement." We conclude that the motion failed to give fair notice regarding the elements of the claim or defense as to which the City contends that there is no evidence. *Timpte Indus.*, 286 S.W.3d at 310. Thus, the City's motion was the type of conclusory or general no-evidence challenge to an opponent's case barred by rule 166a(i). *Timpte Indus.*, 286 S.W.3d at 310; *see* TEX. R. CIV. P. 166a(i) cmt.

Moreover, and saliently, under Texas Rule of Civil Procedure 166a(i), the City could only bring a no-evidence motion for summary judgment on a claim or defense on which Garcia would have the burden of proof at trial. *Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 254 (Tex. App.—Corpus Christi 2001, pet. denied). In this case, the City, as the plaintiff in this declaratory judgment action, is attempting to set aside the contract on grounds that it is illegal, void, and against public policy. The City's motion

11

for summary judgment asserts that "inasmuch as the contract is void and because no evidence can be introduced at trial to support a finding that the contract was not illegal or contrary to public policy, the agreement fails as a matter of law." The City's motion further asserts that Garcia did not perform as obligated; that the transaction was at all times without legal authority; and that the transfer of property was not conducted as required by the Texas Local Government Code.

The party with the burden of proof at trial has the same burden of proof in the summary judgment proceeding. *Waite v. Woodard, Hall, Prim, P.C.,* 137 S.W.3d 277, 281 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Oasis Oil Corp.,* 60 S.W.3d at 252. The City has the burden of proof at trial to prove that the contract is illegal; that it is against public policy; that Garcia did not perform as obligated; that the transaction was without legal authority; and that the transfer of property was not properly conducted. *See Plano Surgery Ctr. v. New You Weight Mgmt. Ctr.,* 265 S.W.3d 496, 501–502 (Tex. App.—Dallas 2008, no pet.) (holding that when "illegality does not appear on the face of the contract, it will not be held illegal and thus void unless the facts showing its illegality are before the court"); *Franklin v. Jackson,* 847 S.W.2d 306, 310 (Tex. App.—El Paso 1992, writ denied) ("The presumption being in favor of legality, the burden of proof is on the party asserting the illegality."); *see Lewis v. Davis*, 199 S.W.2d 146, 149 (Tex. 1947) ("But where the illegality does not appear on the face of the contract it will not be held void unless the facts showing its illegality are before the court."); *Kottwitz v. Representatives Alexander*, 34 Tex. 689, 1869 Tex. LEXIS 149, at *7 (Tex. 1869) ("All presumptions of law are in favor of the legality of a contract.").

12

The City could not properly assert a no-evidence motion for summary judgment on the issues for which it has the burden of proof. *See* TEX. R. CIV. P. 166a(i); *see Thomas v. Omar Invs., Inc.*, 156 S.W.3d 681, 684 (Tex. App.—Dallas 2005, no pet.); *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680–81 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Oasis Oil Corp.,* 60 S.W.3d at 252. Moreover, Garcia has not asserted any affirmative defenses on which the City could have filed a no-evidence motion. Accordingly, the trial court could not have properly granted the City's no-evidence motion for summary judgment.

To the extent that the City's motion for summary judgment was brought under the no-evidence standard, it was legally insufficient as a matter of law. We now turn our attention to the City's motion for summary judgment insofar as it can be characterized to invoke traditional grounds for summary judgment.

## V. TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Garcia contends that the City's motion for summary judgment fails to state a proper ground for summary judgment because it refers to rule 166a(b); this rule, however, concerns summary judgments for the "defending party," and the City is the plaintiff in this case. As stated previously, the City's motion states that it is entitled to summary judgment pursuant to "Rule 166(b)" of the Texas Rules of Civil Procedure. Rule 166a(b) is entitled "Summary Judgment for Defending Party" and states: "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." TEX. R. CIV. P. 166a(b).

13

In the instant case, the City, as plaintiff, sought a declaratory judgment against Garcia, as defendant. Garcia filed a general denial, but has not alleged any claim, counterclaim, or cross-claim in this lawsuit. Therefore, rule 166a(b) cannot be used as a statutory basis for the City's summary judgment. *See id.* However, the express language of the City's motion for summary judgment recites the correct standard of review for a traditional motion for summary judgment under rule 166a(c) in that the City states there is no "genuine issue of material fact" and it is "entitled to judgment as a matter of law." *See id.* TEX. R. CIV. P. 166a(c). Accordingly, we will examine the City's motion under the standard of review applicable to traditional motions for summary judgment.

In reviewing a traditional motion for summary judgment, the reviewing court must apply the following well-established standards: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in its favor. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

A party moving for traditional summary judgment under rule 166a has the burden to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Once the movant establishes a right to

14

summary judgment as a matter of law, the burden then shifts to the non-movant to present evidence raising a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex. 1979); *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex. App—El Paso 2006, pet. denied).

When the plaintiff moves for summary judgment, it must conclusively prove each element of the cause of action as a matter of law*. Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Ortega-Carter v. Am. Int'l Adjustment Co.*, 834 S.W.2d 439, 441 (Tex. App.—Dallas 1992, writ denied). The plaintiff meets the burden if it produces evidence that is sufficient to support an instructed verdict at trial. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

Garcia contends that "[o]n a fundamental level, the motion repeatedly fails to identify or address the legal grounds required for summary judgment, and fails to support those grounds with evidence." We agree. The City has not met its burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Diversicare General Partner, Inc.*, 185 S.W.3d at 846. Although the City's motion included a copy of the City's resolution regarding the sale and a promissory note, it did not include any affidavits or other evidence to support the facts alleged in its motion for summary judgment. *See United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (summary judgment evidence must be admissible under the Rules of Evidence). In short, the City did not include any evidence that would show that the contract was illegal, void, against public policy, or in violation of statutory requirements. The City did not produce evidence (1) rebutting the presumption that the contract was legal and in conformance with the constitutional

15

requirements for transactions involving municipalities; (2) showing that the contract was against public policy; (3) showing that Garcia did not perform under the contract as obligated; or (4) establishing that the sale and transfer of property was not conducted as required by the Texas Local Government Code.

The City's summary judgment proof is legally insufficient to carry its burden. *See City of Houston*, 589 S.W.2d at 678 ("The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (stating that a "summary judgment must stand or fall on its own merits and the non-movant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right."). Accordingly, the trial court could not have properly granted summary judgment in favor of the City based on a traditional motion for summary judgment.

Based on the foregoing, we sustain Garcia's first issue.

## VI. Conclusion

To the extent that the City's motion for summary judgment was premised on no-evidence grounds under Texas Rule of Civil Procedure 166a(i), the motion was fatally defective because it was conclusory and general, and was not filed on a claim or defense on which Garcia had the burden of proof. To the extent that the motion was premised on traditional summary judgment grounds under rule 166a, the City failed to meet its burden to show that it was entitled to judgment as a matter of law on traditional summary judgment grounds.

16

Because we have concluded that the trial court erred in granting summary judgment on either basis, we need not address Garcia's remaining issues on appeal. *See* TEX. R. APP. P. 47.1, 47.4. We reverse the judgment of the trial court and remand this case for further proceedings.

_____
GREGORY T. PERKES
JUSTICE

Delivered and filed the
26th day of April, 2012.