James E. THOMAS and Anne Charron–Thomas, Appellants,

v.

OMAR INVESTMENTS, INC., d/b/a Carpet Mills of America; Waleed K. Almallah, Individually and d/b/a Carpet Mills of America; Carpet Factory Outlet—Northwest Freeway, Inc. d/b/a Carpet Mills of America; Carpet Factory Outlet—FM 1960 West, Inc., d/b/a Carpet Mills of America; Salam Investments Group, Inc., d/b/a Carpet Mills of America; Lexington Carpets, Inc., d/b/a Carpet Mills of America; Rasmi Almallah, Individually and d/b/a Carpet Mills of America; The Lexington Industry, Inc., d/b/a Carpet Mills of America; Haneen Investments, Inc., d/b/a Carpet Mills of America, Appellees.

No. 05–03–00248–CV.

Court of Appeals of Texas, Dallas.

Feb. 17, 2005.

Carmen Blankenship, Robert H. Power & Associates, P.C., Irving, for Appellant.

Khalid V. Hamideh, Garland, Michael Chester Diksa, Dallas, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG–MIERS.

## NUNC PRO TUNC OPINION

Opinion by Justice LANG–MIERS.

On motion of appellants in this case, we issue this nunc pro tunc opinion to correct a clerical error in our March 9, 2004, opinion. We vacate our previous opinion. This is now the opinion of the Court.

This appeal is from a summary judgment granted in favor of appellees[1] in a suit brought by appellants (the Thomases) for breach of express and implied warranties and violations of the Texas Deceptive Trade Practices Act (DTPA). We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2000, the Thomases purchased hardwood flooring from a Carpet Mills of America retail outlet store in Lew-

---

1. The Thomases filed claims against eleven named defendants, all of which are appellees to this appeal. Two of the defendants were individually named in the Thomases' petition: (1) Waleed K. Almallah; and (2) Rasmi Almallah. The remaining nine defendants were named as business entities, all doing business as Carpet Mills of America: (1) Omar Investments, Inc., (2) Waleed K. Almallah, (3) Carpet Factory Outlet–Northwest Freeway, Inc., (4) Carpet Factory Outlet–FM 1960 West, Inc., (5) Salam Investments Group, Inc., (6) Lexington Carpets, Inc., (7) Rasmi Almallah, (8) the Lexington Industry, Inc., and (9) Haneen Investments, Inc. For purposes of this opinion, we will refer to the appellees collectively as "the Carpet mills of America defendants."

isville, Texas. The Thomases told one of the store's salespersons that they had three indoor dogs and wanted a floor the dogs could not scratch. In response, the salesperson told Anne Charron–Thomas that the Anderson hardwood flooring would not be scratched by her dogs and that the flooring was so tough she could rub a Brillo pad over it without scratching it. Within one week of the floor's installation, the flooring was severely scratched. The Thomases notified the Carpet Mills of America store where they purchased the flooring about the scratches, and the store sent representatives out to survey the damage. The store's representatives agreed that the flooring was damaged, but the store refused to replace the flooring or pay for its repair.

On May 17, 2001, the Thomases filed a petition for monetary damages and injunctive relief against the Carpet Mills of America defendants. The Thomases pleaded claims for breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, breach of an express warranty, and violations of the DTPA. On July 11, 2002, the Carpet Mills of America defendants filed a combined traditional and no-evidence motion for summary judgment. The Thomases filed a response to the summary judgment motion on September 30, 2002. On October 22, 2002, the trial court signed an order granting summary judgment in favor of the Carpet Mills of America defendants. On November 18, 2002, the trial court signed an order striking all of the Carpet Mills of America defendants' summary judgment evidence. The Thomases filed a motion for new trial on December 18, 2002, and the motion was denied on February 13, 2003. This appeal followed. The issue presented is whether the trial court properly granted summary judgment. Because Carpet Mills of America filed a combined traditional and no-evidence motion for summary judgment, we will address both standards of review.

### STANDARDS OF REVIEW

#### *Traditional Summary Judgment*

The standard of review in traditional summary judgment cases is well established. The issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). All evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. *Nixon*, 690 S.W.2d at 548–49. Evidence favoring the movant's position will not be considered unless it is not controverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all necessary elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995). A defendant must establish each element of an affirmative defense when it moves for summary judgment based on that affirmative defense. *Pustejovsky v. Rapid–American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Summary judgment will be affirmed only if the record establishes that the movant conclusively proved all elements of its affirmative defense as a matter of law. *City of Hous-*

ton v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979).

### No-evidence Summary Judgment

A no-evidence summary judgment is essentially a pretrial directed verdict. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX R. CIV. P. 166a(i); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682–83 (Tex. App.-Dallas 2000, no pet.). A party should not move for no-evidence summary judgment based on an affirmative defense that it has the burden to prove at trial. *See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex.App.-Houston [14th Dist.] 2003, no pet.). The moving party must file a motion that specifies which elements of the nonmoving party's claim lack supporting evidence. TEX.R. CIV. P. 166a(i). Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any issues of material fact. *Murray v. Ford Motor Co.*, 97 S.W.3d 888, 890–91 (Tex.App.-Dallas 2003, no pet.). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex.2002).

### DISCUSSION

■ In their first issue, the Thomases argue that traditional summary judgment was improperly granted because the Carpet Mills of America defendants failed to negate any essential element of the Thomases' claims or to establish all elements of an affirmative defense as a matter of law. We agree. The Carpet Mills of America defendants' motion for summary judgment asserted that the Thomases could not es-

tablish any of their warranty claims because of a disclaimer contained in the sales invoice for the flooring. A disclaimer of warranty is an affirmative defense. *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 683 (Tex.App.-Austin 2002, pet. denied). For summary judgment purposes, affirmative defenses must be proven as a matter of law by the party asserting the defense. *Cathey*, 900 S.W.2d at 341.

■ In the present case, the Carpet Mills of America defendants submitted a sales invoice for the flooring, two affidavits, a "completion of work" certificate, and the motion for summary judgment itself in support of their motion for summary judgment. All of this supporting evidence was later stricken by the trial court as improper summary judgment evidence. All that remained was the motion for summary judgment itself. However, the motion for summary judgment is not summary judgment evidence. *Bakali v. Bakali*, 830 S.W.2d 251, 256 (Tex.App.-Dallas 1992, no writ). As a result, the Carpet Mills of America defendants submitted no evidence to establish the affirmative defense of disclaimer as a matter of law. We find that the trial court's order granting traditional summary judgment was improper.

■ In their next five issues, the Thomases assert that no-evidence summary judgment was improperly granted for several reasons: (1) in their motion for summary judgment, the Carpet Mills of America defendants failed to specifically allege which elements of the Thomases' claims lacked supporting evidence; (2) an adequate time for discovery had not passed; (3) the Thomases raised a genuine issue of fact to all elements of their claims; and (4) summary judgment was granted for causes of action that were not addressed in the motion for summary judgment. We agree that the Carpet Mills of America defendants failed to specifically allege which elements of the Thomases' claims lacked

supporting evidence and do not reach the remaining issues.

In a no-evidence motion for summary judgment, the movant must specifically state which elements of the nonmovant's claims lack supporting evidence. TEX.R. CIV. P. 166a(i). The movant cannot rely on an affirmative defenses that it has the burden to prove at trial. *See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.-Houston [14th Dist.] 2003, no pet.). The Carpet Mills of America defendants' motion for summary judgment fails to meet the requirements of Rule 166a(i) because it does not specify any elements of the Thomases' claims that lack supporting evidence. Rather, the motion alleges that the Thomases lack supporting evidence for their breach of warranty claims because of an affirmative defense—a disclaimer that the Carpet Mills of America defendants argue is contained in the sales agreement for the flooring. Because the Carpet Mills of America defendants' motion for summary judgment did not specifically state which elements of the Thomases' claims lacked supporting evidence and relied on the affirmative defense of disclaimer as a basis for no-evidence summary judgment, we find that the no-evidence summary judgment motion was improperly granted.

In their final issue, the Thomases argue that the trial court improperly limited the evidence the Thomases could use in response to the Carpet Mills of America defendants' summary judgment motion. We do not address this issue because of our resolution of the other issues.

## CONCLUSION

We conclude that summary judgment was improperly granted and reverse and remand this case for further proceedings.