NO. 07-11-0404-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2012

_____


KYLE L. AND BEVERLY B. GREENWOOD, APPELLANTS

V.

MARTHA JOY LEE, N/K/A MARTHA L. CLANTON, APPELLEE


_____

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;

NO.09-002318-CV-272; HONORABLE TRAVIS B. BRYAN, III, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING AND DISSENTING OPINION**

Appellants, Kyle and Beverly Greenwood, defendants and counterplaintiffs below, appeal the trial court's entry of two separate orders: (1) the *Order Granting Plaintiff's Motion for Partial Summary Judgment*, signed January 13, 2010, and (2) the *Final Summary Judgment*, signed August 8, 2011. In part, the Greenwoods contend the trial court improperly construed three conveyances: (1) a *Cash Warranty Deed*, dated July 8, 2009, from Everett R. and Shirley Briggs to them, conveying "a forty-five foot

(45') access easement," and (2) a *Deed*, dated August 23, 2010, from J. E. Weedon, Jr. to them, conveying "any rights, titles, and interests of [Weedon] not previously conveyed, if any, in and to that certain easement and right-of-way granted in that certain Deed dated April 2, 1964, executed by Mrs. Laura M. Hicks, . . . and J. L. Mims, as grantors, to J. E. Weedon, Jr., as grantee, and recorded on April 17, 1964, in Volume 235, at page 603, of the Deed Records of Brazos County, Texas," and (3) the 1964 warranty deed referenced in the 2010 conveyance, conveying "an Easement and right-of-way over a certain tract or parcel of land . . . ." Specifically, here and in the trial court, the Greenwoods contend that these conveyances, when construed together, granted them: (1) ingress and egress to their adjacent landlocked property, (2) the right to construct utility lines to their property, (3) access unobstructed by locked gates, and (4) the right to improve and widen the existing roadway to encompass the entire forty-five foot conveyance. The trial court agreed the Greenwoods had the right of ingress and egress, but also determined that they did not have the right to construct utility lines, or to unobstructed access, or to widen the existing roadway beyond twenty feet. The majority reverses the trial court's judgment to the extent that it limits the Greenwoods' right to widen the existing roadway, and affirms the judgment in all other respects. I concur in part and dissent in part.

I concur with the majority's disposition of the Greenwoods' rights of ingress and egress, as those rights are derived from the 2009 *Cash Warranty Deed*. I also concur with the majority's opinion as to the Greenwoods' right (or more correctly the absence of a right) to access unobstructed by locks, and to use and enjoyment of the full forty-five foot easement and right-of-way. I disagree with the majority to the extent, if any, that

2

they construe the trial court as construing the Greenwoods' right to construct utility lines, as arising from the 1964 warranty deed and the 2010 deed. To the extent that I disagree, I have two issues, one procedural and one substantive.[1]

As to the procedural issue, I believe the trial court exceeded its authority in granting affirmative relief based upon Clanton's *No-Evidence Motion for Summary Judgment*. Assuming *arguendo* that Clanton was even entitled to no-evidence summary judgment relief, defeating the Greenwoods' counterclaim is not a basis upon which the trial court can grant Clanton's claims for affirmative relief. A party is not entitled to a no-evidence summary judgment on a claim on which it has the burden of proof. *Patterson v. Prichard,* No. 13-10-00211-CV, 2011 Tex. App. LEXIS 1623, at *11 (Tex.App.—Austin Aug. 4, 2011, no pet.); *Sanders v. Household Mortg. Servs.,* No. 10-07-00233-CV, 2009 Tex. App. LEXIS 4988, at *3 (Tex.App.—Waco July 1, 2009, no pet.); *Thomas v. Omar Invs., Inc.*, 156 S.W.3d 681, 684 (Tex.App.—Dallas 2005, no pet.). Furthermore, as to the substantive issue, I do not believe that the only reasonable reading of the phrase "easement and right-of-way," as contained in the April 2, 1964 warranty deed*,* is a non-possessory right of passage or use only. Accordingly, because I find a fact issue exists as to the nature and extent of the Greenwoods' rights arising from the 1964 warranty deed and the 2010 deed, I would reverse and remand as to that issue.

Patrick A. Pirtle
Justice

---

[1]Because summary judgment serves as a directed verdict, ending the litigation, we strictly construe a party's entitlement in both procedural and substantive matters. *Hock v. Salaices,* 982 S.W.2d 591, 592 (Tex.App.—San Antonio 1998, no pet.).

3