AFFIRM; and Opinion Filed March 19, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01467-CV

**LEONARD LEVINE AND HENRY CANTU, A PARTNERSHIP
STYLED BEST ONE, Appellants
V.
UNIQUE BEVERAGE COMPANY, DALE PAPPAS, ATKINSON-CRAWFORD SALES,
CO., AND SCOTT GIBBONS, Appellees**

On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. 10-13075

# MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Richter[1]
Opinion by Justice Richter

Appellants Leonard Levine and Henry Cantu, partners in a partnership styled Best One,

appeal the trial court's orders granting the no-evidence motion for summary judgment filed by

Unique Beverage Company and Dale Pappas, granting the no-evidence motion for summary

judgment filed by Atkinson-Crawford Sales, Co. and Scott Gibbons, and dismissing all of their

claims with prejudice. In five issues, appellants argue the trial court erred in granting appellees'

motions for summary judgment. For the reasons set forth below, we affirm the judgments of the

trial court. The background of the case and the evidence are well known to the parties, and we

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

## FACTUAL AND PROCEDURAL BACKGROUND

Leonard Levine (Levine) and Henry Cantu (Cantu) were partners in a partnership styled Best One. In 2007, Levine and Cantu began seeking an energy drink for Best One to represent in sales to customers in Mexico. Unique Beverage Company, LLC (Unique) manufactured and distributed beverages, including Wired Energy Drink. Dale Pappas (Pappas) was employed by Unique. Atkinson-Crawford Sales, Co. (Atkinson) was a distribution company and Scott Gibbons (Gibbons) was its Dallas Division Manager. Cantu contacted Gibbons to inquire about the possibility of distributing Wired Energy Drink in Mexico. Gibbons, in turn, put Cantu in touch with Pappas. Cantu initially proposed that Unique deliver Wired Energy Drink to Laredo, Texas and sell it to Best One for approximately $16 per case. Best One would then sell Wired Energy Drink to a group in Mexico for a higher price. Best One's commission would be the difference between the price Best One paid to Unique for the drink, and the price Best One negotiated with buyers in Mexico. Cantu later proposed that Best One act as a broker for Unique by attempting to find buyers in Mexico for the drink. One of the potential buyers identified by Cantu was Dikesa Distribution (Dikesa), owned by Reuben Bojorges.

In September 2008, Pappas, Levine, Levine's attorney, and Gibbons met with Reuben Bojorges to discuss the possibility of selling Wired Energy Drink to Dikesa. The parties attempted to negotiate a deal but encountered difficulties negotiating Best One's fee agreement, Dikesa's request for a significant increase in the amount of free samples of Wired Energy Drink for marketing purposes, and the acquisition of necessary permits and licenses to facilitate

shipment of the product to Mexico. Ultimately, Unique declined to sell Wired Energy Drink to Best One.

In October 2010, Levine, Cantu, and Best One (collectively, Best One) filed suit against Unique, Pappas, Atkinson-Crawford, and Gibbons, alleging in their third amended petition that defendants: (1) breached their agreement to sell Wired Energy Drink to Best One at an allegedly agreed price; (2) tortiously interfered with an alleged agreement between Best One and Dikesa Distribution; and (3) committed common law fraud. Best One alleged that it was entitled to recover for the value of its services and sought recovery of actual and exemplary damages.

Unique and Pappas filed both traditional and no-evidence motions for summary judgment. Atkinson-Crawford and Gibbons filed a separate no-evidence motion for summary judgment. Best One filed a combined response to all of the summary judgment motions. Unique and Pappas filed a reply and numerous objections to Best One's summary judgment evidence. Atkinson-Crawford and Gibbons also filed a reply and objections.

On September 9, 2011, the trial court held a hearing on all of the motions for summary judgment. On September 29, 2011, the trial court signed an order granting the no-evidence motion for summary judgment filed by Unique and Pappas, and dismissed all of Best One's claims against Unique and Pappas.[2] On November 30, 2011, the trial court granted the no-evidence motion for summary judgment filed by Atkinson-Crawford and Gibbons and ordered that "Best One take nothing from the Defendants Atkinson-Crawford Sales Co. and Scott Gibbons." Levine, Cantu, and Best One now appeal both orders granting the no-evidence motions for summary judgment filed by Unique, Pappas, Atkinson-Crawford, and Gibbons.

---

[2] The trial court's order granting summary judgment did not address the traditional motion for summary judgment filed by Unique and Pappas.

# STANDARD OF REVIEW

When a party files a no-evidence motion for summary judgment, the burden shifts to the non-movant to present enough evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Pollard v. Hanschen*, 315 S.W.3d 636, 638 (Tex. App.—Dallas 2010, no pet.). The moving party must file a motion that specifies which elements of the nonmoving party's claim lack supporting evidence. TEX. R. CIV. P. 166a(i); *Thomas v. Omar Investments, Inc.*, 129 S.W.3d 290, 293 (Tex. App.—Dallas 2004, no pet.). Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any issues of material fact. *Pollard*, 315 S.W.3d at 638. We examine the record in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 750–51; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores*, 92 S.W.3d at 506. The respondent is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt.-1997; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)).

# DISCUSSION

In five issues, Best One contends the trial court erred in granting the no-evidence summary judgments because Best One's summary judgment proof raised fact issues regarding: (1) the existence and breach of, and damages for a breach of a contract of sale; (2) interference with a contract of sale; (3) the practice of common law fraud upon appellants; (4) appellants' right to recover for the value of their services; and (5) appellants' right to recover exemplary damages. The record reflects that Best One brought suit against Unique, Pappas, Atkinson-Crawford, and Gibbons for breach of contract, tortious interference, fraud, and quantum meruit. Thereafter, Unique and Pappas filed a no-evidence motion for summary judgment arguing there was no evidence that a contract existed, that they tortiously interfered with the alleged contract, that they committed fraud, and that appellants were entitled to recover for the value of their services. In their motion, Unique and Pappas recited the elements of each cause of action alleged by Best One, and asserted appellants could not provide any evidence to support any of the elements of any of their causes of action against Unique and Pappas. The record also contains the motion for no-evidence summary judgment filed by Atkinson-Crawford and Gibbons in which they also set forth the elements for each of Best One's alleged causes of action, and argued that appellants could not provide any evidence to support any of the elements of any of their causes of action against Atkinson-Crawford and Gibbons.

Best One filed a joint response to both no-evidence summary judgment motions. Attached to Best One's response were affidavits of Levine and Cantu and approximately ninety pages of e-mails between the parties. The response briefly described the attachments and stated "[t]here exists genuine issues as to material facts and the motions for summary judgment should be denied." The response did not address the challenged elements and did not designate which

summary judgment evidence raised a fact issue with respect to the challenged elements of each cause of action.

Applying the standard of review, we note that in order to defeat the no-evidence motions for summary judgment filed by Unique, Pappas, Atkinson-Crawford, and Gibbons, appellants were required to bring forth more than a scintilla of evidence to raise a genuine issue of material fact on every element of each of its causes of action. *RTLC AG Prods., Inc. v. Treatment Equip. Co.*, 195 S.W.3d 824, 833 (Tex. App.—Dallas 2006, no pet.). In its response, Best One did not address the challenged elements. Further, Best One did not direct the trial court to any page number, quote, affidavit or e-mail within the attached ninety-eight pages of summary judgment evidence to indicate where evidence was raised in support of any challenged element. "A party responding to a no-evidence motion for summary judgment has the burden of pointing out to the trial court where the issues raised in its response can be found in its offered evidence." *Parkchester Holdings, Inc. v. Carrier Corp.*, 2005 WL 995357, at *3 (Tex. App.—Dallas 2005, no pet.) (mem. op.) (citing *Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied); *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ)). The trial court was not required to search through the evidence attached to Best One's response to locate summary judgment evidence raising a genuine issue of material fact without more specific guidance from Best One. *See Shelton*, 144 S.W.3d at 120; *see also Blake v. Intco Inv. of Texas, Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.).

We conclude Levine, Cantu, and Best One did not bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. A trial court must grant a no-evidence summary judgment motion if the non-movant does not produce evidence raising a fact issue on a challenged element. TEX. R. CIV. P. 166a(i); *see RTLC AG*

*Products*, 195 S.W.3d at 832. Therefore, we conclude summary judgment was proper as to Unique and Pappas' no-evidence motion for summary judgment, and Atkinson-Crawford and Gibbons' no-evidence motion for summary judgment. Best One's issues are overruled.

## CONCLUSION

The trial court did not err in granting the motions for no-evidence summary judgment filed by Unique, Pappas, Atkinson-Crawford, and Gibbons. The trial court's judgments are affirmed.

_____
MARTIN RICHTER
JUSTICE, ASSIGNED

111467F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEONARD LEVINE AND HENRY
CANTU, A PARTNERSHIP STYLED
BEST ONE, Appellants

No. 05-11-01467-CV    V.

UNIQUE BEVERAGE COMPANY, DALE
PAPPAS, ATKINSON-CRAWFORD
SALES, CO., AND SCOTT GIBBONS,
Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-13075
Opinion delivered by Justice Richter,
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees UNIQUE BEVERAGE COMPANY, DALE PAPPAS,
ATKINSON-CRAWFORD SALES, Co., and SCOTT GIBBONS recover their costs of this
appeal from appellants LEONARD LEVINE and HENRY CANTU, A PARTNERSHIP
STYLED BEST ONE.

Judgment entered this 19th day of March, 2013.

MARTIN RICHTER
JUSTICE, ASSIGNED