**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00019-CV**
_____

**HOLMES FAMILY INVESTMENT COMPANY, L.P., Appellant**

**V.**

**GILLIAM INSURANCE AGENCY, INC. AND
MARK GILLIAM, Appellees**

_____

**On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 17-09-11698-CV**
_____

**MEMORANDUM OPINION**

Holmes Family Investment Company, L.P. ("HFIC") appeals the trial court's orders granting Gilliam Insurance Agency, Inc.'s and Mark Gilliam's ("Gilliam Defendants") No-Evidence and Traditional Motion for Summary Judgment and denying HFIC's Cross-Motion for Summary Judgment. We affirm.

1

## Background

According to HFIC's Sixth Amended Petition, the live petition at the time the trial court granted the Gilliam Defendants' motion for summary judgment and denied HFIC's motion for summary judgment, HFIC is the owner of a 584-acre tract of land in Montgomery County, Texas ("the property"). Over the past decades, easements were granted at various times to certain pipeline companies ("Pipeline Companies") to install and maintain pipelines across the property. In 2003, Liberty Materials, Inc. entered into a Sand and Gravel Lease Agreement with HFIC to conduct sand mining operations on the property.

In 2014, Brock's Logging, Inc. entered into a Timber Sales Agreement with HFIC to conduct timber operations on the property. The Timber Sales Agreement provided that Brock's would

> . . . indemnify and hold [HFIC] harmless from any damage as a result of their operations in cutting and removing timber sold under this agreement; as well as any other injury of any cause or nature . . . resulting or arising from the acts or omissions of [Brock's], whether negligent or intentional . . . [Brock's] agrees to indemnify and defend [HFIC] . . . from and against any and all injuries, claims, demands, or actions made by any person against [HFIC], including any purported acts and/or omissions of negligence of [HFIC] . . . which in any way arise out of or are connected to the operations set forth in this agreement.

Brock's engaged Gilliam Insurance Agency to obtain insurance for the logging work it contracted to perform on HFIC's property, and Brock's was insured by Maxum Indemnity Company ("Maxum") through Policy Nos. BDG 0073610-01 and BDG

0073610-02. On June 30, 2014, Gilliam Insurance Agency provided Brock's with a Certificate of Liability Insurance wherein HFIC was purportedly listed as an additional insured on Maxum insurance policy insuring Brock's, and HFIC received the certificate on or about that same date. However, HFIC was not an additional insured under the Maxum insurance policy insuring Brock's.

In September of 2017, the Pipeline Companies filed lawsuits against HFIC for, among other things, damage to pipelines arising out of Liberty's sand mining activities and Brock's timber activities on the Property. HFIC served notice and formal demands to the Gilliam Defendants for defense and indemnity, which were denied.

HFIC sued the Gilliam Defendants as third-party defendants[1] for fraud, violations of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade and Practices Act, negligence, and negligent misrepresentation. HFIC affirmatively pleaded the discovery rule, asserted that the "tort/misrepresentation" based causes of action did not accrue until the injuries by the Gilliam Defendants became discoverable, and that the Gilliam Defendants' wrongful acts and HFIC's resulting injuries were inherently not discoverable at the time they occurred.

---

[1] HFIC also sued Brock's as a third-party defendant. The trial court signed an order granting the Joint Motion for Dismissal with Prejudice filed by HFIC and Brock's, and the order dismissed with prejudice all claims by and between HFIC and Brock's. Brock's is not a party to this appeal.

The Gilliam Defendants' Motion for Summary Judgment

In the Gilliam Defendants' First Amended No-Evidence and Traditional Motion for Summary Judgment, the Gilliam Defendants argued that although a Certificate of Liability Insurance was issued to Brock's by Gilliam Insurance Agency in 2014 in which HFIC was purportedly listed as an additional insured, HFIC was not an additional insured under the policy. According to the Gilliam Defendants, they are entitled to summary judgment because (1) HFIC's claims against the Gilliam Defendants are barred by the statute of limitations; (2) the Gilliam Defendants did not make any representation directly to HFIC; (3) Texas Law under *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006), bars HFIC's purported reliance on the Certificate of Liability Insurance; and (4) HFIC's damages were not proximately caused by the Gilliam Defendants but are the result of erosion of land subsidence, which is explicitly excluded under the insurance policies issued by Maxum to Brock's. The Gilliam Defendants also argued that HFIC produced no evidence as to each of its claims against the Gilliam Defendants. The Gilliam Defendants attached an affidavit of Mark Gilliam, the Certificate of Liability Insurance, Maxum Insurance Policy No. BDG 0073610-01, Maxum Insurance Renewal Policy No. BDG 0073610-02, discovery responses, the Timber Agreement, deposition excerpts, and the letter from Maxum denying coverage.

The Gilliam Defendants argued that HFIC's claims are all based on its allegation that the Gilliam Defendants improperly listed HFIC as an additional insured on the Certificate of Liability Insurance, and therefore, HFIC's alleged injury occurred in or around June 2014, when the Certificate of Liability was issued and received by Holmes.[2] The Gilliam Defendants asserted that HFIC filed its negligence, negligent misrepresentation, Insurance Code and DTPA violation claims on May 10, 2018, more than two years after the respective statute of limitations expired.

HFIC's Cross-Motion for Summary Judgment and Response to
the Gilliam Defendants' Motion for Summary Judgment

In HFIC's Cross-Motion for Summary Judgment and Response to the Gilliam Defendants' No-Evidence and Traditional Motion for Summary Judgment, HFIC argued that even though the Gilliam Defendants mistakenly represented in the Certificate of Insurance that HFIC was an additional insured, the Gilliam Defendants, unbeknownst to HFIC, never contacted Maxum or anyone else to have HFIC added as an additional insured. HFIC argued that its injury—that HFIC was never added as an additional insured to the insurance policy despite being assured by the Gilliam Defendants otherwise—was of the nature that was undiscoverable through the exercise of reasonable diligence because (1) HFIC had no duty to read

_____

[2] The Gilliam Defendants also asserted that they did not provide the Certificate of Liability Insurance directly to HFIC, but instead provided it to Brock's.

the policy; (2) even if HFIC had done so, due to the language contained in the policy and Certificate of Insurance, HFIC could reasonably conclude it was covered under the policy; and (3) there was no need for HFIC to scrutinize the policy until such time that an event occurred that would otherwise trigger coverage. According to HFIC, the triggering event was the Pipeline Companies' claims against HFIC and Maxum's subsequent denial of coverage on January 2, 2018. HFIC relied on *Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 393 (Tex. App.—Houston [1st Dist.] 2010, pet. denied), in arguing that because it is not a party to an insurance contract, like in *Via Net*, but rather a third party that was intended to be an additional insured, the discovery rule applies to HFIC's claims. HFIC further argued it presented summary judgment evidence to defeat the Gilliam Defendants' motion and show that HFIC is entitled to summary judgment as a matter of law on each of its claims.

The Gilliam Defendants' Summary Judgment Reply and
Summary Judgment Response

Among other things, the Gilliam Defendants argued in their Reply to HFIC's Response to the Gilliam's Motion for Summary Judgment and Response to HFIC's Motion for Summary Judgment that HFIC incorrectly argued that the discovery rule applies to HFIC's claims and that *Via Net* only applies to contract claims. According to the Gilliam Defendants, *Via Net* states that whether the discovery rule applies depends on the type of injury at issue, not the claim. The Gilliam Defendants assert

that *Sabine Towing & Transportation Co., Inc. v. Holliday Insurance Agency, Inc.*, 54 S.W.3d 57, 62-63 (Tex. App.—Texarkana 2001, pet. denied), and *Via Net* foreclose HFIC's claims because those cases hold that a mistake in a certificate of coverage is not inherently undiscoverable and that claims based on a coverage certificate misstatement accrue when the plaintiff receives the certificate. The Gilliam Defendants also argued that HFIC's reliance on *Brown* is misplaced because that case did not involve the discovery rule or the statute of limitations, and *Brown* concerned the duty of an insured's customer, not a prospective insured, to read an insurance policy despite issuance of an incorrect certificate of coverage.

HFIC's Reply to the Gilliam Defendants' Summary Judgment
Response and Sur-Response to Summary Judgment Reply

In part, HFIC responded that the Gilliam Defendants misrepresent *Via Net*'s holding, misrepresented *Brown*'s holding, and that HFIC's factual situation is akin to *Brown*, not *Via Net*. HFIC also argued that *Sabine Towing and Transportation* is not controlling or determinative in this case, that even if HFIC had read the policy, its injury was still undiscoverable because of the numerous references to the rights of "additional insureds[,]" and that *Brown* controls because HFIC does not claim it is entitled to coverage as an additional insure but rather a customer of the insured (Brock's) and received false information about coverage status.

7

## Appellate Issues

In issue one, HFIC argues that its claims are not time barred because the discovery rule deferred the accrual of HFIC's claims until HFIC was denied coverage. In issue two, HFIC argues its misrepresentation-based claims can be supported by an indirect misrepresentation by Gilliam. In issue three, HFIC argues its reliance on the Gilliam Defendants' admitted misrepresentation was justifiable. In issue four, HFIC argues that the Gilliam Defendants failed to establish that HFIC's damages were not proximately caused by the Gilliam Defendants' admitted misrepresentation. In issue five, HFIC argues its summary judgment evidence was sufficient to survive the Gilliam Defendants' no-evidence motion for summary judgment.

## Standard of Review

We review rulings on motions for summary judgment using a de novo standard. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The trial court's order granting summary judgment does not specify the basis for the ruling; thus, we must affirm the trial court's judgment if any of the theories advanced by the movant are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

We must consider the ruling on the no-evidence portion of the Defendants' hybrid motions for summary judgment before considering the ruling on the

8

traditional portion of the Defendants' motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing a no-evidence motion, we view the evidence in the light most favorable to the non-movant. *Id.* at 601. The Texas Supreme Court has explained that the trial court must grant a no-evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively established the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because a trial court's decision granting a no-evidence motion for summary judgment is essentially a pretrial directed verdict, the same legal sufficiency standard is used in reviewing rulings made by trial courts on motion for directed verdicts. *Id.* at 750-51. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

"If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily

9

fails." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). A party moving for traditional summary judgment meets its burden by proving that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

The party asserting an affirmative defense has the burden of pleading and proving the defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310-11 (Tex. 1984); *see also* Tex. R. Civ. P. 94. A defendant is entitled to summary judgment on the affirmative defense of limitations if it conclusively establishes all necessary elements of that affirmative defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997); *Thomas v. Omar Invs., Inc.*, 129 S.W.3d 290, 293 (Tex. App.—Dallas 2004, no pet.). Summary judgment will be affirmed only if the record shows that the defendant conclusively proved all elements of the affirmative defense as a matter of law. *Thomas*, 129 S.W.3d at 293.

Analysis

First, we must decide whether the discovery rule applies to HFIC's claims. In its first issue, HFIC argues that its claims are not time barred because the discovery rule deferred the accrual of HFIC's claims until HFIC was denied coverage. HFIC asserts that the injury it suffered because of the Gilliam Defendants' misconduct was

10

that HFIC was never added as an additional insured to the policy despite being assured by Gilliam that it was. According to HFIC,

> [t]he nature of such injury is undiscoverable through the exercise of reasonable diligence because (1) HFIC had no duty to read the Policy; (2) even if HFIC had done so, due to the language contained in the Policy and Certificate of Insurance, HFIC could reasonably conclude it was covered under the Policy; and (3) there was no need for HFIC to scrutinize the Policy until such time that an event occurred that would otherwise trigger coverage.

HFIC asserts the triggering event here was the filing of the Pipeline Companies' claims against HFIC and Maxum's subsequent denial of coverage, which did not occur until January 2, 2018.

In response to the Gilliam Defendants' argument that under *Via Net* the discovery rule does not apply to HFIC's claims, HFIC argues that *Via Net* does not apply here. According to HFIC, *Via Net* is distinguishable because it was a breach of contract case in which the claims were brought by a party to the insurance contract. HFIC asserts that in *Brown*, the Court declined to extend the reasoning in *Via Net* and concluded that the discovery rule applies to claims "based on false representations of the contents of insurance policies." According to HFIC, it is a third party to the contract and the parties intended HFIC to be an additional insured and the claims are "based on false representations of the contents of insurance policies[,]" and therefore, *Brown* applies.

11

Generally, questions surrounding when a party's cause of action accrues are decided as a matter of law. *See Moreno v. Sterling Drug, Inc.*, 787 SW.2d 348, 351 (Tex. 1990); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988); *Webb v. Crawley*, 590 S.W.3d 570, 583 (Tex. App.—Beaumont 2019, no pet.) (citing *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011)). "A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). If the discovery rule applies to a claim, "[t]he discovery rule delays accrual until the plaintiff 'knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury.'" *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). The discovery rule is "'a very limited exception to statutes of limitations,'" and is available only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (quoting and citing *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455-56 (Tex. 1996)); *see also Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006); *Treuil v. Treuil*, 311 S.W.3d 114, 119 (Tex. App.—Beaumont 2010, no pet.). When the defendant moves for summary judgment based on an affirmative defense such as limitations, the defendant has the burden to prove

12

conclusively all the elements as a matter of law. *See KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Winograd*, 956 S.W.2d at 530. Whether an injury is inherently undiscoverable is a question of law. *See Via Net*, 211 S.W.3d at 313-14.

The discovery rule is generally restricted "to exceptional cases to avoid defeating the purposes behind the limitations statute." *Id.* at 313. Because the discovery rule is a plea in confession and avoidance, a party seeking to avail itself of the discovery rule must plead the discovery rule as a matter in avoidance. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517-18 (Tex. 1988). "An injury is not inherently undiscoverable when it is the type of injury that could be discovered through the exercise of reasonable diligence." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011). Under the discovery rule, even if the plaintiff does not have actual knowledge of the harm, the statute of limitations begins to run when the plaintiff objectively should have known, by using reasonable diligence, of the facts giving rise to the cause of action. *See United Healthcare Servs., Inc. v. First St. Hosp. LP*, 570 S.W.3d 323, 336 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (citing *Syrian Am. Oil Corp., S.A. v. Pecten Orient Co.*, 524 S.W.3d 350, 360 (Tex. App.—Houston [1st Dist.] 2017, no pet.)). "'Thus, the plaintiff's lack of diligence can defeat application of the discovery rule.'" *Id.* (quoting *DeWolf v. Kohler*, 452 S.W.3d 373, 391 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). A wrong or injury is not

13

inherently undiscoverable if it "generally is capable of detection within the time allotted for bringing such suits." *See Comput. Assocs. Int'l, Inc*., 918 S.W.2d at 457.

In *Sabine Towing & Transportation Company*, the plaintiff, an employee of SuperIn, Inc., one of Sabine's contractor's, filed a personal injury suit against Sabine. 54 S.W.3d at 58. In contemplation of situations like this, Sabine had required all its contractors to have a current certificate of insurance on file with its insurance and risk management department. *Id.* In October 1990, SuperIn purchased a comprehensive general liability policy from Holliday Insurance Agency. *Id.* The policy also contained blanket waivers of additional insureds endorsements. *Id.* Because SuperIn routinely performed work for Sabine, a copy of its certificate of insurance was forwarded to Sabine via Holliday on October 16, 1990. *Id.* Sabine sought liability coverage under SuperIn's insurance policy via the blanket waiver of subrogation and additional insured endorsement provisions included on the insurance certificate on file for SuperIn, which were named in favor of Sabine. *Id.* Ultimately, Holliday notified Sabine that it was not covered by SuperIn's policy. *Id.* at 59. Sabine sued Holliday for negligently representing that Sabine was an additional insured under SuperIn's policy. *Id.* Sabine settled with the plaintiff and most of the settlement was paid by Sabine's liability insurance carrier. *Id.* After a nonjury trial, the trial court rendered a take-nothing judgment in favor of Holliday. *Id.* Sabine appealed, arguing, in part, that the discovery rule should apply to defer

14

commencement of the limitations period. Id. In affirming the trial court's judgment,

the Texarkana Court of Appeals explained that it could not say that Holliday's denial

of coverage was an inherently undiscoverable injury:

> All Sabine needed to do to discover the alleged injury was to conduct a routine check regarding the insurance certificate with Holliday and inquire whether insurance coverage was in effect. Unfortunately, Sabine failed to seek any additional assurances from Holliday other than the bare insurance certificate indicating that Sabine was an additional insured pursuant to its insurance procurement requirement. Had Sabine exercised due diligence, it would have insisted on a formal approval from Sequia before allowing SuperIn to commence work. Finally, the fact that Sabine allowed nine months to elapse before receiving a response from Holliday suggests that Sabine failed to exercise the reasonable diligence Texas courts have traditionally required to trigger exemption from statutes of limitations under the discovery rule. Sabine's failure to discover its lack of coverage does not save it from being barred by limitations. Accordingly, we find that the two-year statute of limitations did expire on October 16, 1992, two years after Sabine first received SuperIn's certificate of insurance, almost thirteen months before Sabine first filed suit against Holliday.

Id. at 62-63 (footnote omitted).

In Via Net, Safety Lights informed its vendors early in 1996 that it would no

longer buy from them unless it was added as an additional insured under their

commercial general liability policies. 211 S.W.3d at 312. Via Net agreed to do so,

and its insurance broker issued a certificate of insurance listing Safety Lights as

"holder" and stating that "holder is added as additional insured re: General

Liability." Id. The certificate also stated:

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below.

*Id.* However, Via Net's policy with Lumbermens Mutual Casualty Company did not provide for additional-insured coverage, and no endorsement adding it as an additional insured was ever issued. *Id.* In 1997, a Via Net employee was injured when Safety Lights' employees dropped a steel plate on his hand. *Id.* The Via Net employee sued, and Safety Lights requested a defense from Lumbermens. *Id.* Lumbermens denied the claim in a letter that Safety Lights received on December 9, 1997. *Id.* On December 7, 2001, Safety Lights filed a breach of contract suit against Via Net for failing to add it as an additional insured. *Id.* The parties agreed the four-year statute of limitations applied. *Id.* Via Net moved for summary judgment on the ground that more than four years had elapsed since the alleged breach of contract, and the trial court granted the motion. *Id.* The court of appeals reversed, finding the discovery rule could defer accrual until Safety Lights received Lumbermens' denial on December 9th. *Id.*

On appeal, Via Net argued that the discovery rule did not apply and defer accrual because a failure to add a third party as an additional insured is not inherently undiscoverable. *Id.* at 313. The Texas Supreme Court explained that the legal question of whether an injury is inherently undiscoverable "is decided on a categorical rather than case-specific basis; the focus is on whether a *type* of injury

16

rather than a *particular* injury was discoverable." *Id.* at 313-14 (emphasis in original). In reversing the court of appeals' judgment and holding that the discovery rule is inapplicable to defer accrual of the claim, the Court explained

> Safety Lights argues that it acted diligently by obtaining a certificate of insurance listing it as an additional insured. But the certificate warned that it conferred no rights and was limited by the underlying policy. . . . Given the numerous limitations and exclusions that often encumber such policies, those who take such certificates at face value do so at their own risk.

*Id.* at 314.

In *Brown*, a 1995 fire damaged Omni's steel stored in a facility operated by Port Metal. 317 S.W.3d at 368. Transcontinental, Port Metal's insurer, denied coverage for damages to Omni's steel on the ground that Port Metal's "all risk" bailee policy was subject to an exclusion for goods stored at Port Metal for more than sixty days for which Port Metal received a storage fee. *Id.* at 370. Omni paid storage fees to Port Metal. *Id.* Omni filed suit against Port Metal and other defendants it alleged were responsible for the fire and added Port Metal's insurance agent and insurer as defendants. *Id.* Omni's suit against the insurance agent and insurer were severed from claims against settling defendants and Omni sued the insurance agent and insurer for negligent misrepresentation and violations of the DTPA under former article 21.21, section 16 of the Texas Insurance Code. *Id.* On appeal, the First District of Houston Appeals Court declined to extend the reasoning

in *Via Net I* and *Via Net II*[3] regarding the due diligence obligations of a person claiming to be entitled to insurance proceeds as a party to an insurance contract to persons bringing claims under the Texas Insurance Code alleging negligent misrepresentation and violations under the DTPA based on false representations of the contents of insurance policies by insurance agents and companies upon which the plaintiff relied in its business dealings and that caused the plaintiff to suffer economic damages. *Id.* at 393. In holding that Omni had no legal duty to obtain and read Port Metal's bailee insurance policy or to verify its terms in order to maintain its suit, the First Court of Appeals explained:

> In *Via Net I*, the relevant holding was that a party claiming to be entitled to insurance coverage as an additional insured under an insurance policy, and therefore claiming to be in contractual privity with the insurance company, cannot rely on a certificate of insurance to extend more coverage than is actually conveyed by the policy itself, any more than the named insured can. Rather, a party claiming to be an additional insured is held to the same burden as the named insured of reading the policy to ascertain its right to coverage. *See Via Net II*, 211 S.W.3d at 314. Here, under a far different set of circumstances, Omni was *not* an additional insured, but a *customer* of an insured, and the question is whether Omni could justifiably rely upon the affirmative misrepresentations of the insurance agent for a third party, Port Metal, that Port Metal was insured and, therefore, that Omni's steel was protected by Port Metal's insurance, which were made both orally and in certificates of insurance solicited and relied upon by Omni for use in its own business dealings.

---

[3] In *Brown*, the First Court of Appeals refers to *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) as *Via Net II*, and to an earlier-filed federal companion case as *Via Net I*.

18

*Id.* at 393 (emphasis in original).

Here, the factual circumstances are more like those in *Via Net* than in *Brown*. In the present case, HFIC was a prospective additional insured who relied on a certificate of insurance in believing it was insured (like in *Via Net*), and HFIC was not an insured's customer like in *Brown*. We disagree with HFIC's contention that *Via Net* is inapplicable because Safety Lights' claims were for breach of an insurance contract. Here, like in *Via Net*, HFIC relied on the certificate of insurance that expressly stated that

> [t]his certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not affirmatively or negatively amend, extend or alter the coverage afforded by the policies below. This certificate of insurance does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder.
>
> Important: If the certificate holder is an additional insured, the policy(ies) must be endorsed. If subrogation is waived, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

Applying the rationale in *Via Net* and *Sabine Towing & Transportation*, the discovery rule does not apply to the type of injury here, where there is a lack of insurance coverage despite a certificate of insurance stating otherwise because the injury was not inherently undiscoverable because HFIC could have inquired with the insurer to determine whether HFIC was in fact an additional insured. *Via Net*, 211 S.W.3d at 313-15; *Sabine Towing & Transp.*, 54 S.W.3d at 62-63. Because the

19

discovery rule does not apply, HFIC's claims accrued on the date HFIC alleged it received the certificate of insurance—June 30, 2014. *See id.* HFIC brought its claims for negligence, negligent misrepresentation, and violations of the Insurance Code and DTPA on May 10, 2018, more than two years after its injury accrued and, therefore, are barred by limitations. *See* Tex. Bus. & Com. Code Ann. § 17.565 (DTPA claims must be brought within two years of the date of the false, misleading, or deceptive act or practice); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (negligence and negligent misrepresentation claims must be brought not later than two years after the cause of action accrues); Tex. Ins. Code Ann. § 541.162 (statute of limitations for violations of Insurance Code is two years). We overrule issue one.[4]

Based on our determination that HFIC's causes of action against the Gilliam Defendants are barred by limitations, we need not address HFIC's remaining issues. *See* Tex. R. App. P. 47.1. We affirm the trial court's judgments.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 22, 2021
Opinion Delivered November 4, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

---

[4] To the extent HFIC argued at oral argument that HFIC should be held to a different standard as to due diligence because it is a family limited partnership and not a sophisticated company, HFIC cites no caselaw or statute, nor are we aware of any, to support that argument.