### W. G. Eustis v. Cowherd Bros. et al.

#### No. 234.

**Limitation — Covenant of Warranty in Deed.**—When at the time of the conveyance the grantee finds the premises in possession of one claiming under a paramount title, the covenant of warranty will be held to be broken without any other act of the parties; and a suit for breach of the warranty, instituted more than four years after the date of the conveyance, is barred by limitation.

Error from Wichita.   Tried below before George E. Miller, Esq., Special Judge.

*W. G. Eustis*, for plaintiff in error.—Cowherd Bros. purchased November 24, 1882, and were evicted at that date by reason of the then adverse possession of Norwood; and their action on the warranty, begun nearly seven years after that date, was barred by limitations.   Rev. Stats., art. 1317; Hawkins v. Cramer, 63 Texas, 102; Bass v. James, 83 Texas, 110.

No briefs for defendants in error reached the Reporter.

HEAD, Associate Justice.—Walker and Fletcher Cowherd sued George Norwood, to recover 160 acres, part of one league of Palo Pinto County school land, alleging that said county had sold the league to W. G. Eustis, September 19, 1882; that he sold to J. G. Eustis by warranty deed September 20, 1882, and the latter sold to plaintiff by warranty deed November 24, 1882. W. G. Eustis and Palo Pinto County were also made defendants, and appropriate judgments asked against them in case plaintiffs failed to recover the land from Norwood. Judgment was rendered in favor of Norwood for the land, and in favor of Cowherds against W. G. Eustis for $27.20, with interest from September 20, 1882, on his warranty, and adjusting the equities of the different parties with said county; against which Eustis alone complains to this court.

It seems that at the time Eustis purchased from Palo Pinto County, Norwood was in possession of the 160 acres as an actual settler, and has remained in possession thereof ever since, and by reason of these facts he was judged to have the prior right to purchase under the Constitution of 1876. Eustis plead the four years statute of limitations in bar of the action against him upon his warranty, but the court refused to charge upon this issue, which we think was error.

In the case of Jones' Heirs v. Paul's Heirs, 59 Texas, 45, quoting from Rawle on Covenant of Title, it is said: "When at the time of the conveyance the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment or warranty will be held to be broken, without any other act on the part of either the grantee or the claimant."

That the statute of limitations begins to run against an action upon this covenant from the time of its breach will be conceded. In Wood on Limitations, section 174, it is said: "But little difficulty will be experienced in determining when the statute begins to run upon, or the presumption attaches to, a covenant, because in all cases it begins to run from the time of a breach thereof; and it is only necessary to ascertain at what time an action could first have been maintained thereon, to determine the period from which the running of the statute began."

No errors having been assigned against the judgment in favor of Norwood, it must be held to conclusively establish his superior right to the land; and as he was in actual possession at the time plaintiffs purchased, the statute at once commenced to run against them, and the court erred in refusing to so charge the jury. This will necessitate a reversal of the judgment as to Eustis, and no useful purpose could be subserved by a discussion of the remaining assignments.

The judgment of the court below will be reversed and remanded for a new trial as to the issue between the plaintiffs Walker and Fletcher Cow-

herd and the defendant W. G. Eustis, on his covenant of warranty; and in all other respects affirmed.

*Reversed and remanded.*

Delivered October 25, 1893.