### SCHNEIDER v. LIPSCOMB COUNTY NAT. FARM LOAN ASS'N et al.

#### No. 5714.

Court of Civil Appeals eof Texas. Amarillo. Sept. 16, 1946.

Rehearing Denied Oct. 28, 1946.

Boyer, McConnell & Hankins, of Perryton, for appellant.

H. A. Berry, of Houston, Witt, Terrell, Lincoln, Jones & Riley of Waco, Hoover, Hoover & Cussen, of Canadian, Roy Sansing, of Higgins, and A. H. McCulloch, of Dallas, for appellees.

STOKES, Justice.

Appellant, Edward Schneider, instituted this suit against the appellee, Lipscomb County National Farm Loan Association, on February 11, 1943. The purpose of the suit was to recover purchase money which appellant had paid to the appellee for 401.6 acres of land theretofore conveyed to the appellant by the appellee under a deed of general warranty, the title to which had failed.

In its answer, the appellee, among other allegations, set up the four year statute of limitations, Vernon's Ann.Civ.St. art. 5529, and in reply thereto, appellant filed a trial amendment in which he pleaded estoppel upon grounds which will hereafter be discussed.

The case was submitted to the court without the intervention of a jury and resulted in a judgment denying appellant any relief. He duly excepted to the judgment, gave notice of appeal and presents the case here upon three assignments or points of error. In view of the disposition we make of the case, it will be necessary to discuss only two of them, which present the contentions that the court erred, first, in sustaining appellee's plea of limitations and, secondly, in overruling and denying appellant's plea of estoppel.

The record reveals that on August 21, 1925, appellee, by general warranty deed, conveyed to appellant all of surveys number three and number four, block D of the W. P. Wiser surveys in Lipscomb County, containing approximately twelve hundred acres. The deed recites that as consideration for the land appellant agreed to pay the total sum of ten thousand dollars, of which eighteen hundred dollars was cash and the balance evidenced by the assumption of outstanding indebtedness against the land held by the Federal Land Bank of Houston. The deed purports to convey all of the land lying north of the south lines of the two surveys and south of the north line of the Panhandle of Texas. In 1937 the 401.6 acres in controversy was filed on by one Roy Sansing as unsurveyed and unappropriated school land, and on December 8, 1938, the State Land Commissioner recognized it as being vacant and unappropriated school land belonging to the school fund of the State and awarded it to Sansing. The tract so awarded lies between the true north lines of surveys three and four and the true north boundary line of the State of Texas. The strip of land found to be vacant and unappropriated school land runs entirely across the north end of the Panhandle of Texas and the award involved land then occupied by numerous owners of the adjoining lands in block D besides the appellant. After Sansing filed upon the land and it was awarded to him by the authorities of the State, eleven parties, including appellant, filed suits against Sansing in the district court of Lipscomb County, in which they challenged his contention that the land was unsurveyed and unappropriated school land.

All of the parties, however, except appellant, exercised their prior rights of purchase, by virtue of their having been occupants thereof, and filed with the Commissioner of the General Land Office their applications to purchase the same. The eleven suits were consolidated, tried as one suit and resulted in a judgment in favor of all of the owners of the adjoining lands, except appellant, upon their respective ap-

plications. Appellant failed to exercise his prior right of purchase but contested the suit upon the sole ground that the land was not vacant and unappropriated school land but was a portion of surveys three and four. An appeal was perfected from the judgment by Sansing, and also by the appellant, Schneider. Upon a hearing in this court, the judgment was affirmed, Sansing v. Bricka, Tex.Civ.App., 159 S.W.2d 142, and a writ of error was refused by the Supreme Court. Mandate issued out of this court on May 6, 1942, directing the enforcement of the judgment below and a patent to the 401.6 acres was afterwards issued by the State to Sansing. Having lost the land as a result of that litigation, appellant filed this suit against the appellee, in which he seeks to recover $5,137.60, which he alleges represents the purchase price of the 401.6 acres, together with other legitimate and necessary expenses incurred by him by reason of its loss.

Under his first assignment of error, appellant contends that he was not dispossessed or evicted from the land until May 6, 1942, when the mandate issued out of this court in the former litigation and that, an eviction being necessary before a suit could have been maintained by him upon the warranty, the period of four years had not elapsed on February 11, 1943, when he filed the instant suit, and the court erred in holding otherwise. The law is of long standing and universal application that an eviction must take place before a cause of action upon a warranty of the nature here involved can be maintained, and it is a well established rule that possession is not disturbed by the mere existence of a superior title. The vendee has no right to presume that his possession will be disturbed until something has been done which brings home to him the fact that the holder of a superior title is asserting his rights or, as aptly expressed in an early case by our Supreme Court, "he actually feels the pressure upon him." Jones' Heirs v. Paul's Heirs, 59 Tex. 41. The ancient rule was that such a suit could not be ·maintained until the warrantee had been actually evicted from the land, but that rule .has long since been modified and it is now well established in this State that the eviction may be constructive and does not have to be an actual one. Our courts have held in many cases that if a paramount title is positively asserted against the vendee he is not required to make an unavailing and useless resistance against a claim, which is manifestly superior and must prevail. Jones' Heirs v. Paul's Heirs, supra; Beck v. Kouri, Tex.Civ.App., 158 S.W.2d 75; Love v. Minerva Petroleum Corporation, Tex. Civ.App., 105 S.W.2d 892; Felts v. Whitaker, Tex.Civ.App., 129 S.W.2d 682; Groesbeck v.·Harris, 82 Tex. 411, 19 S.W. 850; Whitaker v. Felts, 137 Tex. 578, 155 S.W.2d 604; Westrope v. Chambers' Estate, 51 Tex. 178.

It was stipulated at the trial that the 401.6 acres involved was vacant and unappropriated school land of the State of Texas prior to the date upon which it was awarded to Roy Sansing by the State Land Commissioner, and that it was so awarded to him on December 8, 1938. This suit was filed February 11, 1943. From this it will be seen that from the date of the award, four years elapsed on December 8, 1942, more than two months before the suit was filed. The trial court held that, when the award was made to Sansing, it constituted an act on the part of the State of Texas which amounted to an assertion of its superior title and constituted an eviction of the appellant. In this, we think the court was correct. It constituted the final act of the State in not only asserting its title to the land but in actually assuming dominion over it and awarding it to another. Shannon v. Childers, Tex.Civ.App., 202 S.W. 1030; Giddings v. Holter, 19 Mont. 263, 48 P. 8.

In the Shannon case supra, the tract of land involved was found to be nonexistent and after the appellee in that case purchased it from another, the Commissioner of the General Land Office cancelled the survey and, in disposing of the question of the right of the purchaser to recover upon the warranty, the court said [202 S.W. 1031]: "The court below made no finding as to an actual disseisin of Mrs. Childers, but held that the action of the state, through its legally constituted authorities,

in forfeiting the survey, in legal contemplation, amounted to an eviction. This we think to be correct. It was the final act in the complete failure of any shadow of title to the survey and was a constructive eviction." A writ of error was denied by the Supreme Court in that case and the holding unquestionably reflects the law of this State. While there was no previous filing or award, and therefore no forfeiture entered by the Commissioner of the General Land Office in respect to the land here involved, yet it was awarded to Sansing. As we have already said, the award constituted an assertion of its title by the State. It amounted to more than a mere forfeiture of a former filing on the land, in that it not only indicated a taking of possession but the more potent act of awarding the title to a purchaser. In the Giddings case supra, the Supreme Court of Montana had before it a similar question and, in disposing of it, said [48 P. 9]: "We are also of the opinion that when the Quinn entry was cancelled the contingent obligation of the Castle Land Company on its covenant (of warranty) became fixed."

█ It is elementary that statutes of limitation begin to run upon a covenant of warranty when the covenant is breached. The covenant in this case was breached when the State asserted its right to the title and possession of the land and awarded the same to Sansing, and appellant's right of action against the appellee upon the warranty contained in its deed of August 21, 1925, thereupon accrued. Eustis v. Cowherd, 4 Tex.Civ.App. 343, 23 S.W. 737; Alvord v. Waggoner, Tex.Civ.App., 29 S.W. 797, reversed on other grounds. Appellant's cause of action having accrued on December 8, 1938, more than four years prior to the time he filed his suit, the statute of limitation pleaded by the appellee constituted an effective bar to his right of recovery and his first assignment of error will, therefore, be overruled.

█ The next contention presented by appellant is that the appellee was estopped from pleading the statute of limitation and the court erred in holding otherwise. We are not in accord with this contention of appellant. In order to constitute an estoppel, the party urging it must have relied upon the act, statement or promise upon which it is based. Reliance is one of the essential elements of estoppel. Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97. Appellant pleaded that appellee was estopped from pleading the statute of limitation because of representations made to him by its secretary-treasurer that his title was good and his advice to appellant not to worry anymore about it. He alleges that he was thus lulled into a feeling of security and that he relied upon the statements and advice of the appellee's secretary-treasurer. He testified, however, that he knew the secretary-treasurer was not a lawyer and that the secretary-treasurer had not examined the title and knew nothing about examination of land titles. He said further that he would not have taken the word of the secretary-treasurer upon the question of whether his title was good but would have submitted that question to a lawyer. The testimony shows that when appellant took the matter up with the secretary-treasurer he was informed that the latter knew nothing about it but the secretary-treasurer suggested that he would write to the Federal Land Bank concerning the matter, which he did, and appellant testified that he took the Federal Land Bank's word for it. He said he did not take the secretary-treasurer's word at all and that he would have placed no credence whatever in any opinion the secretary-treasurer might have expressed as to the title. He said the Federal Land Bank held a lien on the land and he believed that, if anything were wrong concerning the title, the Federal Land Bank, as a lienholder, would protect it. These and other statements and admissions by the appellant himself show conclusively that he did not rely upon any statements or promises made by the secretary-treasurer and, since he does not claim to have been misled by any other officer or agent of the appellee, the testimony falls far short of supporting his allegations of estoppel. Moreover, his testimony shows that he was as well or better informed concerning the title to the land than was the secretary-treasurer. He discussed it with a number of lawyers including Sansing, all of whom advised him that his title was not

good and that he should take some action to secure his claim to the land. It is well settled that no estoppel arises where, at the time of the transaction, the party asserting it was as well informed as the party against whom it is asserted. Panhandle Refining Company v. Bennett, Tex.Civ. App., 13 S.W.2d 923; Robertson v. Vernon, Tex.Civ.App., 3 S.W.2d 573, affirmed Tex. Com.App., 12 S.W.2d 991.

What we have said disposes also of the third assignment of error, wherein appellant contends the court erred in denying him the relief for which he prayed and asserts that he was entitled to a judgment by reason of the facts presented upon the trial of the case.

We have carefully considered all of the contentions presented by appellant and, in our opinion, no error is shown. The judgment of the court below will, therefore, be affirmed.